## TEBOUT'S CASE.

*Supreme Court, First District; At Chambers, August,* 1859.

COMMISSION DE LUNATICO INQUIRENDO.—EXECUTION OF WRIT OF
INQUIRY.

Where more jurors are sworn on the execution of a writ *de lunatico inquirendo*
than are necessary, and the proceeding is commenced before all, it is irregular
to continue the proceedings before a part only.

The person against whom a commission *de lunatico inquirendo* has been executed,
is entitled to a new trial of the writ,—if it appear that the finding against him
was induced by any bias or previously formed opinion.

Motion to confirm an inquisition.

This was a proceeding for the appointment of a committee of the estate of Elizabeth Tebout, who had been found, by a commission appointed *de lunatico inquirendo*, to be an habitual drunkard.

The affidavits in opposition showed, among other things, that at the commencement of the proceeding under the commission, testimony was taken before fifteen jurymen, but that subsequently there were only thirteen present; that the attorney for the respondent objected to proceed on the ground of the absence of the two jurors, but the commissioners overruled his objections. It was further stated that one of the jury, after hearing the complainant's story, publicly said there was but one side to the case, and that he would make short work of it; and it was also charged that the proceedings were instigated by one of the jurors.

*Dayton* and *Todd*, for the motion.

*John W. Edmonds*, opposed.

INGRAHAM, J.—I am not satisfied with the execution of the writ of inquiry in this case. The proceeding is one to deprive a party of the possession and management of her property, and in a case where it appears that, notwithstanding the allegations against her, she has been able to take care of and increase the amount of money in the bank.

Where more jurors are sworn on such an inquisition than are absolutely necessary, and the proceeding is commenced before all, I think it irregular to discharge a part. Whatever number commences on the inquisition, the case should be continued before all. If they were not all present, the commissioner should have adjourned the proceedings till another day. There is room to suppose, even if no bias actually was indulged against the respondent, that there was not that care and attention given to the case, which a person in the situation of the respondent had a right to ask.

If any such bias or opinion previously formed, operated

against her, there can be no doubt that she should have a new trial.

The motion to confirm the inquisition is denied, and a new trial is ordered before the same commissioners.